# ALBERT ERLITZ AND ANOTHER v. WILLIAM BARCLAY AND OTHERS.[1]

November 9, 1917.

No. 20,503.

**Judgment — action to restrain enforcement — complaint defective.**

Action to restrain enforcement of money judgment. Personal service of summons. Time had expired within which court could grant relief from default. Complaint did not deny the fact of personal service, but alleged that defendants had no recollection of it and, if it was so made, by inadvertence and without intentional neglect these plaintiffs either assumed that the summons referred to other matters or overlooked it. *Held*, as against a demurrer, the complaint was bad. [Reporter.]

Action in the district court for Washington county to set aside a judgment entered in the municipal court of Stillwater, to vacate all executions and levies thereunder, and for a permanent injunction restraining defendants from taking further proceedings in the municipal court. From an order denying their motion for a temporary injunction, and from an order sustaining the demurrer of the sheriff of Washington county to the complaint, Nethaway, J., plaintiffs appealed. Affirmed on both appeals.

*Wilson & Thoreen*, for appellants.

*Comfort & Comfort*, for respondents.

PER CURIAM.

William Barclay and Douglas M. Barclay, copartners as Barclay Bros. and residents of the state of Vermont, recovered a money judgment in the municipal court of the city of Stillwater against Albert Erlitz and Alex Erlitz, and caused an execution to be issued thereon to the sheriff of Washington county who made a levy thereunder upon certain personal property of Albert Erlitz. Thereupon Albert Erlitz and Alex Erlitz brought this action to enjoin the sheriff and the other defendants named in their complaint from collecting or enforcing the judgment of the municipal court. They applied for a temporary injunction which the court refused, and they appealed from the order refusing it. The sheriff demurred to their complaint. The demurrer was sustained, and they appealed from the order sustaining it. By stipulation the appeals were submitted together upon the same record.

[1] Reported in 164 N. W. 905.

The complaint does not charge fraud or improper conduct on the part of any of the defendants. The record of the action in the municipal court, which is attached to and made a part of the complaint, shows that the summons in that action was served personally upon both the defendants therein. In the present action they do not deny the fact that such service was made, but assert that they have no recollection of it, and, if the service was in fact made, that, by inadvertence and without intentional neglect, they either assumed that the summons referred to other matters or overlooked it. These allegations and the fact that the time had expired in which relief from its judgment could be granted by the municipal court form the only basis for the present action, and are clearly insufficient to justify enjoining the enforcement of the judgment in question. If, after the time to appeal has expired, a judgment could be assailed in this manner and upon such grounds, there would be no end to litigation. Both orders are affirmed.